UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   08-4397
DARIOUS PETERSON,                                                (Kaplan, Judge)

                             Plaintiff,        **COMPLAINT**

   -against-

NEW YORK CITY, POLICE OFFICER
JOSEPH CRUZADO SHIELD # 11022,
SERGEANT MELTZER and UNIDENTIFIED
NEW YORK CITY POLICE OFFICERS.
                                                            **JURY TRIAL DEMANDED**

                             Defendant(s).
------------------------------------------------------------X

       The plaintiff, complaining of the defendants, by his attorney, FRED LICHTMACHER, ESQ., respectfully shows to this Court and alleges:

## JURISDICTION

1    Jurisdiction is founded upon the existence of a Federal Question.

2    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3    Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4    Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

5    That this Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. Section 1367.

## PARTIES

6    That the plaintiff, DARIOUS PETERSON, is a resident of Queens County in the City and State of New York.

7    Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendants JOSEPH CRUZADO, SERGEANT MELTZER and Unidentified NEW YORK CITY POLICE

OFFICERS were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

8   Upon information and belief, that at all times hereinafter mentioned, defendant JOSEPH CRUZADO, SERGEANT MELTZER and Unidentified NEW YORK CITY POLICE OFFICERS were employed by the defendant, NYC, as members of its police department.

9   Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

10   The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

11   This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the common law of the State of New York.

12   Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

## STATEMENT OF FACTS

13   Plaintiff was returning from purchasing pampers for his nephew on June 15, 2007 at 11:45 PM, in the vicinity of the intersection of Beach 27th Street and Seagirt Boulevard in Queens, New York, when his car was struck near the rear of the car by a vehicle driven by defendants plain clothes police officers.

14   As smoke starting coming from plaintiff's car, he exited the car through the sun roof and fell to the sidewalk.

15      One defendant officer ran up to the plaintiff and kicked him.

16      A second plain clothes officer also kicked plaintiff breaking one of his ribs.

17      Plaintiff was subsequently hit in the head by the first defendant officer three times with a hard object, presumably a police radio, knocking him unconscious.

18      Plaintiff sustained various physical injuries in areas of his body including his head and rib cage, caused by the beating.

19      Plaintiff was transported unconscious to the 101st precinct.

20      Plaintiff regained consciousness at the 101st precinct and then passed out again.

21      Plaintiff regained consciousness in an ambulance and then passed out again.

22      When plaintiff regained consciousness the third time, he was handcuffed to a bed in the Jamaica Hospital trauma unit.

23      Plaintiff remained in the hospital for three days handcuffed to the bed the entire time.

24      Defendants caused the plaintiff to be falsely charged with the crimes of Criminal Possession of a Controlled Substance in the Third Degree; Reckless Endangerment in the First Degree; Criminal Possession of a Controlled Substance in the Fifth Degree; Possession of Burglar's Tools; Criminal Mischief in the Fourth Degree; Resisting Arrest; Criminal Possession of a Weapon in the Fourth Degree; Unlawful Fleeing a Police Officer in a Motor Vehicle in the Third Degree; Reckless Driving; Leaving the Scene Without Reporting/Personal Injury/Misdemeanor; Consumption of Alcoholic Beverages in Certain Motor Vehicles; Operation of Vehicles with Safety Seats and Safety Belts; and Leaving the Scene of an Incident Without Reporting.

25      Plaintiff had a bedside arraignment conducted on June 18, 2007 and afterwards he was brought to Rikers Island.

26      Plaintiff was forced to make three court appearances while still incarcerated.

27      Plaintiff remained incarcerated from June 15, 2007 until the grand jury heard his testimony on September 26, 2007 and refused to return a true bill on any of the false charges defendants caused to be brought against him.

28    Plaintiff was incarcerated for 104 days, he has scars and is still effected by the gratuitous beating the officers inflicted on him.

29    That on or about October 13, 2007, a notice of claim was served on the Comptroller of the City of New York, within ninety days of the dismissal of the criminal charges, stating causes of action for malicious prosecution and malicious abuse of process and that as of this date plaintiff's demand for payment has not yet been addressed by the defendants.

30    That to date no 50H Hearing has been conducted as to plaintiff.

31    That the state claims in this cause of action are commenced within one year and ninety days of when these causes of action arose and that plaintiff's federal claims are brought in a timely manner within three years of the date they accrued.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

32    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

33    That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendants, who either intentionally, recklessly or negligently struck plaintiff's car with their police vehicles and who subsequently kicked him and struck him three times with a police radio.

34    That the said assault and battery of the plaintiff was effected by defendants without authority of law and without any reasonable necessity to use any force much less the excessive force that they employed and the force employed was used without legal justification, without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

35    As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly

plaintiff's right to be free from the use of excessive and unreasonable force.

36     That all the defendants who witnessed the use of excessive force against the plaintiff and who had a reasonable opportunity to intervene and prevent his being injured and/or injured further and who failed to do so are liable to the plaintiff via their failure to exercise their affirmative duty to intervene.

37     That by reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically, requiring him to be hospitalized, he was permanently scarred, he was subjected to physical pain, humiliation, embarrassment, anxiety, and that he was subjected to various ongoing physical and emotional harms, he incurred expenses for medical care and that plaintiff was otherwise harmed.

38     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, plaintiff is entitled to an award of punitive damages, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR AN SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTH AND
## FOURTEENTH AMENDMENTS VIA
## MALICIOUS PROSECUTION

39     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

40     That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C.§1983, in that the plaintiff was maliciously prosecuted by the defendants.

41     That the said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiffs, the proceedings terminated in favor of the plaintiff via a dismissal and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's

rights.

42   That defendants Police Officer Joseph Cruzado Shield # 11022 and Sergeant Meltzer swore falsely as to the alleged criminal actions of plaintiff and caused his malicious prosecution to be commenced and continued before it terminated in plaintiff's favor on all charges.

43   That by reason of the unlawful malicious prosecution, the plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, he was forced to spend time in jail as well as being forced to make court appearances, and he was subjected to numerous other harms.

44   That all the defendants who knew of the commencement and continuation of the malicious prosecution of the plaintiff are liable to the plaintiff via their failure to exercise their affirmative duty to intervene.

45   That defendants Unidentified New York City Police Officers who are supervisors within the defendant NYC's Police Department, who knew of the malicious prosecution and continued to allow and/or participate in the prosecution of the plaintiff and who either directly participated in the violation of plaintiff's rights or who after learning of the violation failed to remedy the wrong are liable to the plaintiff for the violation of his rights pursuant to the Fourth Amendment via supervisor liability.

46   That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, he is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. § 1988.

<b><u>AS AND FOR A THIRD CAUSE OF ACTION<br>ON BEHALF OF PLAINTIFF<br>VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO<br>42 U.S.C. § 1983 AND THE FOURTH<br>AMENDMENT BY DEFENDANT NEW YORK CITY<br>i.e., MONELL CLAIM</u></b>

47   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

48   That the plaintiff's rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the

defendant, NYC.

49     Defendant NYC and unidentified police officers who were supervisors and final decision makers, as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiff's rights under the Constitution and laws of the United States, in that they failed to adequately discipline, sanction, train, retrain, supervise or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the above-mentioned conduct.

50     Defendant NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by the use of excessive and unreasonable force, and in so failing, the defendant NYC has caused, encouraged, condoned and allowed the defendants in this case to engage in the aforementioned unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiff to be subjected to deprivations of his civil rights.

51     That the defendant municipality, NYC, alerted to the possible use of excessive force by its police officers, by repeated complaints of the use of excessive force, exhibited deliberate indifference thereto in that it was obvious to NYC that there was a need for more and/or improved supervision of police officers in order to protect against constitutional violations and in spite of repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

52     That the defendant municipality, NYC, has been alerted to the use of false criminal charges and malicious prosecutions brought by its employee officers to cover up the use of excessive and unreasonable force by its police officers, and that the culture of bringing such false charges and maliciously prosecuting the victims of NYPD violence has been allowed to exist without repercussions to the officers who engage in such behavior.

53     That the individual defendants in this case have been found to use excessive and unnecessary force previously and that the defendant NYC has failed to protect the public from these officers continuing to use excessive force against the public, and in so failing, NYC has been the proximate cause of plaintiff's harms.

54     That by reason of the unlawful use of excessive and unreasonable force and his being maliciously prosecuted, the plaintiff was harmed physically requiring him to be hospitalized, he was permanently scarred, he was subjected to physical pain, humiliation, embarrassment, anxiety, and that he was subjected to various ongoing physical and emotional harms, he incurred expenses for medical care he was maliciously prosecuted and that he was otherwise harmed.

55     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

<b><u>AS AND FOR A FOURTH CAUSE OF ACTION<br>ON BEHALF OF PLAINTIFF<br>VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO<br>THE COMMON LAW OF THE STATE OF NEW YORK<br>MALICIOUS PROSECUTION</u></b>

56     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

57     That the defendant NYC is vicariously liable to the plaintiff for the individual defendants' common law torts via the principle of *respondeat superior*.

58     That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

59     That the plaintiff's rights have been violated pursuant to the common law of the state of New York via a malicious prosecution, in that the plaintiff was maliciously prosecuted by the defendants.

60     That the said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants

caused the commencement and continuation of criminal proceedings against the plaintiff, the proceedings terminated in favor of the plaintiff via the grand jury's refusal to return a true bill on any of the false charges and in that the action was commenced and continued intentionally, with malice and deliberate indifference to plaintiffs' rights by the defendants who were all NYPD officers.

61     That defendants Police Officer Joseph Cruzado Shield # 11022 and Sergeant Meltzer swore falsely as to the alleged criminal actions of plaintiff and caused the criminal prosecution to be commenced and continued before it terminated in plaintiff's favor on all charges.

62     That by reason of the unlawful malicious prosecution, the plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, he was forced to spend time in jail as well as being forced to make court appearances, and he was subjected to numerous other harms.

63     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and that he is entitled to an award of punitive damages.

**AS AND FOR AN FIFTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
NEW YORK STATE LAW VIA
MALICIOUS ABUSE OF PROCESS**

64     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

65     That plaintiff's rights have been violated, pursuant to the law of the State of New York via a malicious abuse of process by the defendants.

66     That the defendants perverted regularly issued process to the accomplishment of the improper purpose of covering up that they beat plaintiff, denied him medical care, improperly hit his vehicle with theirs, improperly arrested him for crimes he did not commit and caused him to suffer serious injuries and to be hospitalized.

67     That by reason of the unlawful malicious abuse of process, the plaintiff was subjected to

pecuniary harms, great indignities, humiliation, anxiety, he was forced to spend time in jail as well as being forced to make court appearances, and he was subjected to numerous other harms.

68      That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and he is entitled to an award of punitive damages.

**WHEREFORE**, plaintiff demands judgment against the defendants in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the First Cause of Action; in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Second Cause of Action; in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS on the Third Cause of Action; in a sum not to exceed ($1,000,000.00) DOLLARS and punitive damages on the Fourth Cause of Action; and in a sum not to exceed ($1,000,000.00) DOLLARS and punitive damages on the Fifth Cause of Action;, along with reasonable attorney's fees pursuant to 42 U.S.C. § 1988 on all causes of actions together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: May 8, 2008
       New York, New York

                                            _____/ s /_____
                                            FRED LICHTMACHER (FL-5341)
                                            Attorney for Plaintiff
                                            The Empire State Building
                                            350 5th Avenue Suite 7116
                                            New York, New York 10118
                                            (212) 922-9066

To:    Michael Cardozo
       Corporation Counsel City of New York
       100 Church Street
       New York, New York 10007