UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

DARIOUS PETERSON,

                                   Plaintiff,

                -against-

NEW YORK CITY, POLICE OFFICER JOSEPH
CRUZADO, SHIELD # 11022, SERGEANT
MELTZER and UNIDENTIFIED NEW YORK CITY
POLICE OFFICERS,

                                   Defendants.

------------------------------------------------------------------------- x

08 CV 4397 (LAK)

ANSWER

JURY TRIAL DEMANDED

        Defendants City of New York, Police Officer Joseph Cruzado and Lieutenant David Meltzer, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the Complaint, dated May 8, 2008, respectfully state, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that has commenced an action as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to base venue in this district as stated therein.

        5. Deny the allegations set forth in paragraph "5" of the Complaint, except

admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that the City is and was on June 15, 2007 a municipal corporation incorporated under the laws of the State of New York and respectfully state that the allegations that Joseph Cruzado and David Meltzer were acting "in furtherance of the business of their employer and within the scope of their employment" are legal conclusions which do not require a response.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that on June 15, 2007, the City employed Joseph Cruzado and David Meltzer as police officers.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that the City maintains a police department known as the New York City Police Department, and respectfully refer the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that the City maintains a police department known as the New York City Police Department, and respectfully refer the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that plaintiff has commenced an action as stated therein.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except state that the allegations regarding the individual defendants "acting as state actors acting under the color of law" are legal conclusions which do not require a response.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff was returning from purchasing pampers.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that plaintiff exited his car through the sun roof.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint, except admit that plaintiff was handcuffed to a bed in Jamaica Hospital.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the duration of plaintiff's incarceration.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except admit that a document purporting to be a notice of claim was received by the City.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint, except state that the allegations regarding the timeliness of plaintiff's claims are legal conclusions which do not require a response.

32. In response to the allegations set forth in paragraph "32" of the Complaint, defendants repeat the responses set forth in the previous paragraphs of this answer as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. In response to the allegations set forth in paragraph "39" of the

Complaint, defendants repeat the responses set forth in the previous of this answer as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. In response to the allegations set forth in paragraph "47" of the Complaint, defendants repeat the responses set forth in the previous paragraphs of this answer as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. In response to the allegations set forth in paragraph "56" of the Complaint, defendants repeat the responses set forth in the previous paragraphs of this answer as if fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. In response to the allegations set forth in paragraph "64" of the Complaint, defendants repeat the responses set forth in the previous paragraphs of this answer as if fully set forth herein.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

69. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

70. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

71. At all times relevant to the acts alleged in the complaint, the duties and

functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

72. Plaintiff provoked or was at fault for the incident.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

73. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

74. There was reasonable suspicion and/or probable cause to arrest, detain and prosecute plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

75. Punitive damages cannot be assessed as against the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

76. Defendants Cruzado and Meltzer have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

77. To the extent that the Complaint alleges any claims arising under the laws of the State of New York, such claims are barred by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, including, §§ 50-e, 50-h and/or 50-i.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

78. At all times relevant to the acts alleged in the Complaint, defendants Cruzado and Meltzer acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

79. Plaintiff's state law claims are barred in whole or in part under the statutes of limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

80. Venue of this action should be transferred to the Eastern District Of New York pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interest of justice.

WHEREFORE, defendants City of New York, Police Officer Joseph Cruzado and Police Lieutenant David Meltzer demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:   New York, New York
         July 3, 2008

>                   Respectfully submitted,
>
>                   MICHAEL A. CARDOZO
>                   Corporation Counsel of the
>                   City of New York
>                   *Attorney for Defendants*
>                   CITY OF NEW YORK, JOSEPH
>                   CRUZADO and DAVID MELTZER
>                   100 Church Street, Room 3-162
>                   New York, New York  10007
>                   (212) 788-9391
>                   bmyrvold@law.nyc.gov

By: /s/ Barry Myrvold

<u>By ECF To:</u>
Fred Lichtmacher
Attorney for Plaintiff
350 Fifth Ave., Suite 7116
New York, New York 10118
(212) 922-9066

- 9 -