KAPLAN J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

DARIOUS PETERSON,

                              Plaintiff,

        -against-

NEW YORK CITY, et al.,

                            Defendants.

---------------------------------------------------------------- x

**STIPULATION AND PROTECTIVE ORDER**

08 CV 4397 (LAK)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/2/08

        **WHEREAS**, plaintiff is seeking certain documents from defendants City of New York, Police Officer Joseph Cruzado, and Police Sergeant David Meltzer ("City defendants" or "defendants") in discovery in this action, documents which City defendants deem confidential, and

        **WHEREAS**, City defendants object to the production of those documents unless appropriate protection for their confidentiality is assured,

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the attorneys for plaintiff and City defendants, as follows:

        1.    As used herein, "Confidential Materials" shall mean disciplinary records and personnel records (performance evaluations); and any other documents that the City defendants may in the future in good faith deem "confidential materials" pursuant to this Order because of privacy, law enforcement or governmental interests, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than City defendants, or (b) are otherwise publicly available.

2. The City defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by Bates number in a writing directed to plaintiff's counsel. The City defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought by subpoena from third parties, and such documents, if produced to plaintiff, shall be treated as "Confidential Materials" during such reasonable period. The City defendants reserve the right to designate any documents confidential pursuant to this agreement if necessary after production of such documents to the plaintiff. If plaintiff objects to the designation of particular documents as "Confidential Materials," plaintiff shall state such objection in writing to the City defendants, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then City defendants shall, within ten (10) days of receiving plaintiff's objections, move for an order approving such designation.

3. Plaintiff's attorneys shall not use the Confidential Materials for any purpose other than for the preparation or presentation of this action.

4. Plaintiff's attorneys shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

  a. Disclosure may be made only if necessary to the preparation or presentation of their cases in this action. The plaintiff shall not disclose the documents or information contained therein to anyone other than their attorneys of record in this action, necessary to the preparation or presentation of their cases in this action.

  b. Disclosure before trial may be made only to the parties, to an expert or experts who has or have been retained or specially employed by their attorneys in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court. In the event a conflict arises between the parties as to whether plaintiff and/or co-defendants may show the Confidential Materials to a potential deponent, or other person whom counsel reasonably believes may have knowledge of the information described or referred to in the

Confidential Materials, plaintiff and co-defendants agree not to do so until such time that the parties can obtain a ruling from the Court in this regard.

  c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorneys and copies provided to counsel for City defendants.

  5. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall at City defendants' request to the reporter, be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

  6. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

7. If any party intends to file the Confidential Materials with the Court, in conjunction with a motion for summary judgment or otherwise, or intends to utilize any of the Confidential Materials at trial, the party seeking to do so must first present the Confidential Materials to the Court for a ruling on whether the Confidential Materials shall be filed under seal in accordance with paragraph "6" hereof.

8. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, and all nonconforming copies, notes, and other materials containing or referring to information derived therefrom, shall, upon City defendants' request, be returned to City defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

9. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

Dated: New York, New York
August 27, 2008

FRED LICHTMACHER
*Attorney for Plaintiff*
350 Fifth Ave., Suite 7116
New York, New York 10118
(212) 922-9066

By: _____
    Fred Lichtmacher

SO ORDERED:

_____
HON. LEWIS A. KAPLAN, U.S.D.J.

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants*
CITY OF NEW YORK, JOSEPH
CRUZADO and DAVID MELTZER
100 Church Street, Rm. 3-162
New York, New York 10007
(212) 788-9391
bmyrvold@law.nyc.gov

By: _____
    Barry Myrvold
    Assistant Corporation Counsel

## EXHIBIT A

The undersigned hereby acknowledges that he has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York in the action entitled <u>Darious Peterson v. New York City, et al.</u>, 08 CV 4397 (LAK) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____        _____
Date                                            Signature

                                              _____
                                              Print Name

                                              _____
                                              Occupation

**Endorsement**

The foregoing stipulation and order is approved. Notwithstanding anything therein to the contrary:

1. Any documents filed under seal shall become part of the public record on the fifth anniversary of this endorsement absent contrary order of the Court.

2. In the event any party or intervenor challenges the designation of any materials as Confidential, the party so designating the material shall bear the burden of establishing that there is good cause for continued confidentiality.

SO ORDERED.

Dated:   September 2, 2008

_____
Lewis A. Kaplan
United States District Judge