UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DARIOUS PETERSON,

                                Plaintiff,      **Declaration of Fred Lichtmacher**
                                                                    08 CV 4397 (LAK)

        -against-

THE CITY OF NEW YORK, ETAL.
                                Defendant.
------------------------------------------------------------------X

       **FRED LICHTMACHER, ESQ.,** pursuant to 28 U.S.C. §1746, declares under penalty of perjury as follows:

1      I am an attorney duly admitted to practice law before the courts of the State of New York as well as in the Southern, Eastern and Northern district federal courts. I am lead counsel for the plaintiff in the above-entitled matter, and I am familiar with the facts and circumstances hereinafter contained within, the source of my knowledge being the contents of my file, interviews with the plaintiff and witnesses and having worked on this case from its inception.

2      I make this Declaration in further support of plaintiff's motion for an award of reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and for whatever other further relief this Court deems just and proper.

3      Annexed hereto for the convenience of the Court are true copies of the following documents:

4      Exhibit "A," the Docket Sheet in the instant matter;

5      Exhibit "B" The Rule 68 Offer of Judgment with my letter of acceptance;

6      Exhibit "C" Judge Cedarbaum's Decision and Order on plaintiff's fee motion in Emmanuel v Port Authority et al, (05-8854) with the First page of the Docket Sheet included;

7      Exhibit "D" consists of my Time Slips entries;

8       Exhibit "E" consists of my status sheet entries.

9       My hourly billing rate is $400 and I bill at $200 per hour to travel to court. I have been an active litigator in this Court for over twelve years, engaging almost exclusively in civil rights litigation. I am a solo practitioner and Mr. Gorman is my part-time partner on select cases, including this one.

10      I have tried numerous cases in federal courts including several in this Court. Mr. Gorman and I tried a case before Judge Rakoff in February of 2007 resulting in a jury verdict of $1,000,000 in which plaintiff consented to a remittitur to $300,000 before fees and costs. (Singleton v NYC 05-7769). I recently tried Vera v New York State before Judge Alan C. Marin in the Court of Claims, to a Claimant's verdict on liability in which damages were subsequently settled for $640,000 (Claim # 102187). I also was co-counsel for plaintiff in Lopez v USA before Judge Sifton in the Eastern District tried to a plaintiff's verdict in the amount of $1,156,149 (03-1729). Additionally, I recently settled Cunningham et al v NYC et al, an actively litigated case in which Mr. Gorman was co-counsel for the sum of $1,100,000. (04-10232, CMJ Pitman, J Sand). I have tried and prevailed in several other matters in the past few years in this and in other New York courts. I believe with my history, $400 per hour is extremely fair for a Manhattan based attorney with twelve years of experience.

11      My method of keeping track of my hours is the same now as when it was accepted by Judge Cedarbaum. I keep my hours 3 places, Time Slips from home[1] and at work and on a status sheet. Michael Gorman exclusively uses a status sheet. I do not have Time Slip entries at home for this case.

12      My Time Slip entries date from October 13, 2007 and end with the drafting of this

---

[1]     I discontinued using Time Slips at home.

motion. To date they include 79.86 billable hours at $400 per hour and come to a total of **$31,893.70** (Exhibit "D").

13 I bill at actual time in that a two minute phone call is billed for exactly two minutes. A short explanation of the task worked on appears on the left hand side as well as the time the slip was started. The amount of time spent appears under the heading Units. The slip value is calculated on the right hand side by the program multiplying the hours at each task by the hourly rate plugged inputted.

14 My status sheets are kept contemporaneously with whatever work is done. They are word perfect files that include a short explanation of the job performed. Recently, I began copying and pasting letters written on that date to the status file in 10 point italic type. I frequently use the status file as opposed to Time Slips for various reasons including when I travel to court, when I am making a short entry or a last minute entry on a task I did not necessarily expect to be performing at that time. I do not focus on very detailed entries which will take time away from the tasks I perform for the client. My status sheet for this case has 16.51 hours of work and 1 hour of travel totaling;

**$6,806.66** (Exhibit "E"). I have redacted any privileged communications on the sheet.

**EXPENSES**

15   Expenses for this matter are calculated in the chart below[2].

| | |
|---|---|
| Filing Fees | $350 (Appears on the Docket Sheet) |
| Dr Averbach, medical expert | $2,500 |
| 2 crowbars, exhibits at the Cruzado deposition[3] | $24.90 |
| Process Service | $60. |
| **Fedexes** | |
| 8/20/08 | $31.61 |
| 8/27/08 | $13.32 |
| 9/17/08 | $13.32 |
| | |
| **Deposition Transcripts** | |
| Horn | $207.90 |
| Chavatte | $529.92 |
| Klein | $444.40 |
| 2 break fees | $350.00 |
| Cruzado | $1,536.15 |
| DiGennaro | $652.30 |
| Meyers | $528.37 |
| Total Expenses | $7242.19 |

Dated: New York, New York
       March 10, 2009

                                        / s /
                                        Fred Lichtmacher (FL-5341)
                                        Attorney for Plaintiff
                                        350 Fifth Avenue (Suite 7116)
                                        New York New York 10118
                                        Tel. # (212) 922-9066

To:   Barry Myrvold
      Assistant Corporation Counsel

---

[2]   For each of these entries this office has either a receipt, canceled check or a bank statement which we will produce if requested by either adversary counsel or the Court. Adversary counsel courteously agreed to my leaving them out of this motion and allowing me to fax him the documents should he wish to review them.

[3]   Defendants had suggested the plaintiff had a crowbar in his waist band which they claim he was reaching for when they allegedly had to use force.

100 Church Street
New York, NY 10007
(212) 788-9391